THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEINLY DIAZ-DIAZ,<br><br>　　　　　　　　Defendant. | CASE NO. CR19-0187-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 125). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

Defendant was sentenced on December 7, 2021, after pleading guilty to conspiracy to distribute controlled substances and possession of methamphetamine and heroin with intent to distribute. (Dkt. Nos. 104, 119.) At sentencing, the Court calculated his total offense level to be 35, with Defendant falling in criminal history Category I. (Dkt. No. 120.) This resulted in a sentencing guidelines range of 168 to 210 months of incarceration. (*Id.*) The Court then varied downward from that range and imposed a sentence of 72 months, followed by 24 months of supervised release. (Dkt. No. 119.)

Defendant now moves for a reduction in his sentence pursuant to Amendment 821 to the USSG. (Dkt. No. 125.) Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a). The Government opposes the motion. (Dkt. No. 128.)

## II.   DISCUSSION

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). USSG § 1B1.10(b)(2) provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the defendant received a sentence reduction based on substantial assistance to the United States.

Here, under the retroactively applicable amendment codified in USSG § 4C1.1, Defendant's total offense level would be lowered two levels to 33, resulting in an amended sentencing guideline range of 135 to 168 months. But, because the sentence already imposed (72 months) is below the low end of the range as calculated by applying the amended guidelines (135 months), the policy statement precludes any reduction in Defendant's sentence. *See* USSG § 1B1.10(b)(2). Furthermore, the record does not show, and Defendant has not established, that the "substantial assistance" exception of USSG § 1B1.10(b)(2)(B) applies. This Court therefore lacks the authority to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction of his sentence (Dkt. No. 125) is DENIED.

DATED this 29th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE